1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Crestwood Capital Corporation,<br><br>Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>Defendant. | No. CV-15-00600-PHX-NVW<br><br>(Consolidated)<br><br>**ORDER**<br><br>**[Re: No. CV-16-00508-PHX-NVW]** |
| Devon Investment Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Andes Industries, Inc.,<br><br>Defendant. | No. CV-15-00604-PHX-NVW |
| Preston Collection Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Steven Youtsey,<br><br>Defendant. | No. CV-15-00607-PHX-NVW |
| Andes Industries, Inc.; and PCT International, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>EZconn Corporation; and eGtran Corporation,<br><br>Defendants. | No. CV-15-01810-PHX-NVW |

| | |
|---|---|
| Andes Industries, Inc.; and PCT International, Inc., <br><br>Plaintiffs, <br><br>v. <br><br>Cheng-Sun Lan; Kun-Te Yang; Chi-Jen Dennis) Lan; Polar Star Management Ltd., <br><br>Defendants. | No. CV-15-02549-PHX-NVW |
| EZConn Corporation, <br><br>Plaintiff, <br><br>v. <br><br>PCT International, Inc., <br><br>Defendant. | No. CV-16-00508-PHX-NVW |

Before the Court is EZconn Corporation's Motion for Summary Judgment (Doc. 155). In this action, EZconn Corporation alleged one claim of breach of contract against PCT International, Inc., for product PCT ordered, received, accepted, and did not pay for. EZconn seeks an award against PCT of $6,629,046.55 for unpaid invoices; prejudgment interest, including at least $2,283,535.87 accrued through October 31, 2016, plus additional interest accrued through the date of judgment; and post-judgment interest.

**I.  LEGAL STANDARD**

Summary judgment is proper if the evidence shows there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party must produce evidence and show there is no genuine issue of material fact. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment may carry its initial burden of production under Rule 56(c) by producing "evidence negating an essential element of the

nonmoving party's case," or by showing, after suitable discovery, that the "nonmoving party does not have enough evidence of an essential element of its claim or defense to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1106 (9th Cir. 2000).

The party seeking summary judgment bears the initial burden of identifying the basis for its motion and those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which demonstrate the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). When the moving party has carried its burden, the nonmoving party must produce evidence to support its claim or defense by more than simply showing "there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To defeat a motion for summary judgment, the nonmoving party must show that there are genuine issues of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A material fact is one that might affect the outcome of the suit under the governing law. *Id.* at 248. A factual issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

On summary judgment, the nonmoving party's evidence is presumed true, and all inferences from the evidence are drawn in the light most favorable to the nonmoving party. *Eisenberg v. Ins. Co. of North America*, 815 F.2d 1285, 1289 (9th Cir. 1987); *Baldwin v. Trailer Inns, Inc.*, 266 F.3d 1104, 1117 (9th Cir. 2001). But it is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The evidence presented by the parties must be admissible. LRCiv 56.1(a), (b); *see* Fed. R. Civ. P. 56(e). Conclusory and speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and to defeat summary judgment. *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). "If a party fails to properly support an assertion of fact or fails

to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion." Fed. R. Civ. 56(e)(2).

## II. UNDISPUTED MATERIAL FACTS

EZconn manufactures communications products, including coaxial cable connectors. Beginning in the late 1990's, EZconn and PCT developed a business relationship, which included contracts for EZconn to manufacture and provide products to PCT. On March 28, 2014, PCT informed EZconn that it had suspended business with EZconn.

During 2012 and 2013, PCT ordered products from EZconn, EZconn manufactured the products that PCT ordered, EZconn delivered the products to PCT, and PCT accepted the products. In connection with their purchase and sale transactions, EZconn provided invoices to PCT, which correspond to the products that EZconn manufactured for and supplied to PCT. PCT accepted the products identified in the invoices, did not reject them as defective or for other reasons, and did not return or attempt to return them to EZconn. As documented in the invoices, EZconn supplied $7,144,467.67 worth of product to PCT. PCT made partial payments toward certain invoices and did not pay all of the invoices in full. After credit for partial payments and offsets, the total unpaid amount of outstanding invoices is $6,629,046.55. PCT does not dispute the amount owed for the unpaid invoices.

When PCT would send a purchase order to EZconn, EZconn would send a proforma invoice to PCT. Beginning in 2011, EZconn's proforma invoices stated, "Buyer shall pay EZCONN a delinquency charge on all amounts payable to EZCONN pursuant hereto which are past due at a rate equal to 1.9% per whole or partial month." PCT would cross out that provision and return the proforma invoice to PCT with that provision crossed out. PCT never agreed to pay interest, delinquency charges, or late charges. PCT routinely maintained an outstanding balance with EZconn, and EZconn required PCT to make quarterly reductions of its outstanding balance and occasional payments as PCT's cash flow would permit. Other than sending the invoices, EZconn

did not demand payment of interest or payment in full before filing this lawsuit on February 24, 2016.

When EZconn shipped the ordered products to PCT, it would issue an invoice. PCT's purchase orders commonly specified payment terms of "Net Due in 90 Days." It was EZconn's regular practice to consider payment of an invoice to be due within 120 days of that invoice. Applying a "Net Due in 120 Days" payment term and a 10% annual interest rate to each invoice, the accrued interest through October 31, 2016, on PCT's unpaid balance is $2,283,535.87. PCT does not dispute the amount of accrued interest EZconn claims on the unpaid invoices.

Some of the purchase orders PCT sent to EZconn over the course of their business relationship included a second page containing PCT's "Terms and Conditions." In CV-15-01810, PCT alleged that EZconn violated the "Terms and Conditions" by disclosing PCT's confidential and proprietary information, by using PCT's technical information to seek patents on EZconn's own behalf, and by using PCT's technical information to manufacture goods for sale by parties other than PCT. The record does not include evidence that the unpaid invoices at issue here included PCT's "Terms and Conditions" or evidence that the alleged violations occurred in connection with performance of the unpaid invoices at issue here.

### III. RELEVANT PROCEDURAL BACKGROUND

This case, CV-16-00508, is one of six cases sharing common questions of law and fact that were consolidated in CV-15-00600. (Docs. 51, 76.) On June 22, 2016, all of the affirmative defenses pled by PCT in CV-16-00508 were stricken as insufficient or redundant, and the factual allegations pertaining to the affirmative defenses were stricken as immaterial. (Doc. 100.) As one of its affirmative defenses, PCT alleged that EZconn's claim for damages related to the unpaid invoices is limited or barred because the damages are subject to set-off for PCT's claims against EZconn, which were pled by PCT and Andes Industries, Inc., in CV-15-01810 and CV-15-02549 (Doc. 102, First

Amended Complaint).[1] Because PCT's claims had been pled in a pending action before this action was filed, the claims were preserved without being pled in a counterclaim or affirmative defense. The June 22, 2016 Order further stated: "At most, the set-off duplicates claims already pled by the parties in this consolidated litigation and is entirely duplicative in this pleading. It will be stricken here as redundant." Thus, PCT's set-off defense in CV-16-00508 was stricken, and PCT's claims in CV-15-01810 and CV-15-02549 remained.

On June 24, 2016, all but two of PCT's claims against EZconn, which were pled in the First Amended Complaint in CV-15-01810 and CV-15-02549, were dismissed with prejudice. PCT's two remaining claims against EZconn are for breach of contract and breach of the implied duty of good faith and fair dealing. On April 18, 2017, the Court denied PCT's motion for leave to further amend its complaint in CV-15-01810. (Doc. 254.)

## IV. ANALYSIS

### A. PCT Breached Its Contracts with EZconn.

PCT does not dispute that it entered into contracts with EZconn for the purchase of products, it received the products it ordered, and it did not fully pay the amounts owed under the contracts. PCT does not dispute that the outstanding balance on the unpaid invoices is $6,629,046.55.

### B. PCT Is Not Excused from Performance by EZconn's Alleged Breach.

PCT contends that it is excused from performance by EZconn's breach of the "Terms and Conditions." Its contention is a slight variation on its previously stricken set-off defense. It did not plead or disclose this theory of avoiding liability. In response to EZconn's interrogatories, PCT did not assert that any invoice need not be paid due to lack of consideration or failure of consideration.

---

[1] All of the claims in CV-15-02549 have now been dismissed.

PCT contends that by accepting PCT's orders, EZconn accepted the "Terms and Conditions." However, PCT has submitted no evidence that any or all of the unpaid invoices were based upon purchase orders that in fact contained the "Terms and Conditions."

Even if PCT were allowed to pursue this previously undisclosed defense theory and had evidence that the unpaid invoices included the "Terms and Conditions," it would be required to prove that EZconn violated the specific contracts for which it seeks payments. PCT contends, in general terms, that EZconn violated the "Terms and Conditions" by disclosing or misusing technical information to enable Holland Electronics to compete against PCT with an infringing product. It relies on communications between EZconn and Michael Holland in 2006, which cannot be evidence of the violation of the 2012 and 2013 contracts. Even if Holland continued to sell infringing products in 2012 and 2013, such evidence would not show that EZconn did anything in 2012 and 2013 to violate the "Terms and Conditions."

PCT also contends that EZconn violated the "Terms and Conditions" by misusing PCT's confidential, proprietary information to obtain its own patents on PCT's innovations. As an example, PCT asserts that it shared expansion washer technology with EZconn, and EZconn took this information and pursued its own patent on the expansion washer technology. The only evidence PCT cites in support of this assertion is Tim Youtsey's testimony saying: "Our contention is that, number one, they took our confidential information and pursued their own patent without telling us that they're copying our technology." (Doc. 180 at 5:10, citing Doc. 181-1 at 128:25-129:8.) PCT's exhibit shows the patent application was filed March 25, 2011, well before the 2012 and 2013 unpaid invoices and underlying purchase orders were issued.

PCT has produced no evidence that EZconn violated the "Terms and Conditions" of the unpaid invoices.

### C. PCT Owes Prejudgment Interest on Each of the Unpaid Invoices.

Prejudgment interest on a liquidated claim is a matter of right. *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 508, 917 P.2d 222, 237 (1996). "[A] claim is liquidated if the plaintiffs provide a basis for precisely calculating the amounts claimed." *Id.* Generally, prejudgment interest should be calculated from the date the claim becomes due. *Id.* Where no definite time for payment is stated, prejudgment interest is measured from the date of demand. *Id.* at 509, 917 P.2d at 238.

A creditor is entitled to interest on the unpaid amount running from the date the creditor provides the debtor with "sufficient information and supporting data so as to enable the debtor to ascertain the amount owed." *Homes & Son Constr. Co. v. Bolo Corp.*, 22 Ariz. App. 303, 306, 526 P.2d 1258, 1261 (1974) (prejudgment interest accrued from date of first billing even though it was subsequently adjusted); *accord Colvin v. U.S. for Use & Benefit of Magini Leasing & Contracting*, 549 F.2d 1338, 1341 (9th Cir. 1977) (prejudgment interest accrued from date of final payment on invoices that supplied sufficient data to allow the debtor to ascertain the amount owed).

Each invoice EZconn issued to PCT provided a basis for precisely calculating the amount due and demanded payment. Each invoice became due 90 days after it was issued because PCT's purchase orders specified payment terms of "Net Due in 90 Days." EZconn calculated prejudgment interest applying a "Net Due in 120 Days" payment term because it was EZconn's regular practice to consider payment of an invoice to be due within 120 days of that invoice. Although EZconn tolerated PCT's outstanding account balance and only quarterly demanded that PCT reduce its outstanding balance, there is no evidence showing that the unpaid invoices were due only upon demand.

Under A.R.S. § 44-1201(A),

> Interest on any loan, indebtedness or other obligation shall be at the rate of ten per cent per annum, unless a different rate is contracted for in writing, in which event any rate of interest may be agreed to. Interest on any judgment that is based on a written agreement evidencing a loan, indebtedness or obligation that bears a rate of interest not in excess of the

> maximum permitted by law shall be at the rate of interest provided in the agreement and shall be specified in the judgment.

Because the parties did not contract for a rate of interest on the unpaid invoices, the statutory rate of ten per cent per annum applies. *Design Trend Int'l Interiors, Ltd. v. Cathay Enterprises, Inc.*, 103 F. Supp. 3d 1051, 1061 (D. Ariz. 2015).

Applying a "Net Due in 120 Days" payment term and a 10% annual interest rate to each invoice, the accrued interest through October 31, 2016, on PCT's unpaid balance is $2,283,535.87. Accrued interest from October 31, 2016, through the date of judgment, August 30, 2017, is another $550,301.67, for a total prejudgment interest of $2,833,837.54. Post-judgment interest on the principal amount plus pre-judgment interest is at the Federal Rate of 1.23% per annum.

## V. EVIDENTIARY OBJECTIONS

EZconn objects to each of the exhibits, or portions thereof, attached to PCT's separate statement of facts (Doc. 181) under Rule 56(c)(2) of the Federal Rules of Civil Procedure and LRCiv 7.2(m)(2) and 56.1(b). To the extent that EZconn contends the probative value of PCT's proffered evidence is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time, the danger is non-existent because the evidence will not be presented to a jury. The remaining grounds for objection, *e.g.*, lack of foundation, authentication, and inadmissible hearsay, are moot because EZconn's motion for summary judgment will be granted without excluding any of PCT's exhibits. EZconn's evidentiary objections are therefore overruled.

IT IS THEREFORE ORDERED that EZconn Corporation's Motion for Summary Judgment (Doc. 155) is granted.

IT IS FURTHER ORDERED this case is deconsolidated and final judgment is entered at this time.

IT IS FURTHER ORDERED that the Clerk enter judgment in No. CV-16-00508-PHX-NVW in favor of Plaintiff EZConn Corporation against Defendant PCT International, Inc., for:

  (1) the principal amount of $6,629,046.55, plus

  (2) pre-judgment interest to August 30, 2017, in the amount of $2,833,837.54 at the rate of 10% per annum simple interest, plus

  (3) post-judgment interest on $9,462,884.09, the sum of amounts (1) and (2), at the federal rate of 1.23% per annum from the date of entry of judgment, August 30, 2017, until paid.

EZconn Corporation may file a bill of costs and apply for attorneys' fees and expenses pursuant to LRCiv 54.1, LRCiv 54.2, and Rule 54(d) of the Federal Rules of Civil Procedure within the time therein provided.

Dated this 30th day of August, 2017.

_____
Neil V. Wake
Senior United States District Judge