**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EZconn Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>PCT International, Inc.,<br><br>    Defendant. | No. CV-16-00508-PHX-NVW<br><br>**ORDER** |

Before the Court is EZconn Corporation's Motion for an Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 22).

**I.    BACKGROUND**

This case arises out of a business relationship between EZconn and PCT International, Inc., which included contracts for EZconn to manufacture and provide products to PCT. During 2012 and 2013, EZconn supplied products to PCT, and PCT made partial payments on some of the invoices for those products. After credit for partial payments and offsets, the total unpaid amount of outstanding invoices was $6,629,046.55 and the accrued interest through October 31, 2016, on the unpaid balance was $2,283,535.87. PCT did not dispute the amount owed for the unpaid invoices or the amount of accrued interest EZconn claimed on the unpaid invoices.

On February 24, 2016, EZconn sued PCT for breach of contract to recover and collect all amounts due regarding the unpaid invoices. On August 30, 2017, the Court granted summary judgment in EZconn's favor. Judgment was entered in favor of

EZconn and against PCT for (1) the principal amount of $6,629,046.55, plus (2) pre-judgment interest to August 30, 2017, in the amount of $2,833,837.54 at the rate of 10% per annum simple interest, plus (3) post-judgment interest on $9,462,884.09, the sum of amounts (1) and (2), at the federal rate of 1.23% per annum from the date of entry of judgment (August 30, 2017) until paid. The August 30, 2017 judgment awarded EZconn all of the relief it sought.

EZconn seeks award of attorney fees under A.R.S. § 12-341.01(A).

## II. ANALYSIS

### A. Whether to Award Attorney Fees

A.R.S. § 12-341.01(A) provides: "In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees." An award of fees under § 12-341.01 is discretionary. *Fulton Homes Corp. v. BBP Concrete*, 214 Ariz. 566, 569, 155 P.3d 1090, 1093 (Ct. App. 2007). The statute does not establish a presumption that attorney fees be awarded in contract actions. *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 569, 694 P.2d 1181, 1183 (1985). In determining whether attorney fees should be granted under § 12-341.01, trial courts may consider the following factors: the merits of the unsuccessful party's case, whether the litigation could have been avoided or settled, whether assessing fees against the unsuccessful would cause an extreme hardship, the degree of success by the successful party, any chilling effect the award might have on other parties with tenable claims or defenses, the novelty of the legal questions presented, and whether such claim had previously been adjudicated in this jurisdiction. *Id.* at 570, 694 P.2d at 1184.

EZconn contends, and PCT does not dispute, that all of the relevant factors weigh in favor of awarding EZconn attorney fees under § 12-341.01. EZconn was entirely successful in this action. The legal questions were not novel, and many breach of contract claims had previously been adjudicated in this jurisdiction. PCT did not dispute the amount it owed EZconn for the unpaid invoices and could have avoided this litigation by paying its debt. PCT does not assert that a fee award would cause it extreme hardship.

### B. What Constitutes Reasonable Attorney Fees

"Once a litigant establishes entitlement to a fee award, the touchstone under § 12-341.01 is the reasonableness of the fees." *Assyia v. State Farm Mut. Auto. Ins. Co.*, 229 Ariz. 216, 222, 273 P.3d 668, 674 (Ct. App. 2012). "The award of reasonable attorney fees pursuant to [§ 12-341.01] should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid." A.R.S. § 12-341.01(B).

To determine reasonable attorney's fees in commercial litigation, courts begin by determining the actual billing rate that the lawyer charged in the particular matter. *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183, 187, 673 P.2d 927, 931 (Ct. App. 1983). If persuaded that the contracted hourly rates are unreasonable, courts may use a lesser rate. *Id.* at 188, 673 P.2d at 931.

Under the Arizona Supreme Court's Rules of Professional Conduct, factors to be considered in determining the reasonableness of an attorney fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

(8) the degree of risk assumed by the lawyer.

A.R.S. Sup. Ct. Rules, Rule 42, Rules of Prof. Conduct, ER 1.5. In addition, Local Rules require consideration of whether the fee contracted between the attorney and the client is

fixed or contingent, the "undesirability" of the case, and awards in similar actions. LRCiv 54.2(c).

EZconn entered into engagement agreements with its counsel through which it agreed to pay 70% of counsel's standard hourly rates upon receipt of monthly invoices and to pay all out-of-pocket costs and expenses. EZconn agreed to pay a contingent fee consisting of the remaining 30% of counsel's standard hourly rates if EZconn's claim was resolved, plus 20% of the net amount recovered as a result of resolution of EZconn's claim.

EZconn's counsel billed EZconn at 70% of usual rates for a total of 469.2 hours from January 12, 2016, through September 12, 2017, which totaled $176,642.30. Under its engagement agreement, EZconn must also pay contingent hourly fees at 30% of the usual rates for those hours, which is $75,703.84. Thus, the total amount of attorney fees incurred through September 12, 2017, at the usual hourly rates is $252,346.14. In its reply brief, EZconn seeks an additional $19,171.60 for post-judgment discovery and preparing the reply brief for 54.2 hours at 70% of the usual rates. Therefore, the total fees requested based on hourly rates is $271,517.74. PCT does not challenge the reasonableness of the hourly rates or the amount of time spent with two exceptions.

First, PCT identified $14,520.00 in fees that it contends are not recoverable because they appear to be related to litigation other than this case or to clerical work. This case was related to other cases because PCT's primary defense in this case was that it was entitled to offset its debt on the unpaid invoices by amounts it hoped to recover on claims initially brought in Nevada against EZconn for which PCT sought documents disclosed in a patent case brought in Arizona. It was necessary for EZconn's counsel in this case to provide some services related to those cases. Further, communication between EZconn's counsel in this case and EZconn's counsel in Taiwan was necessary to avoid duplicative litigation against PCT. Justification for most of the time entries is demonstrated by the task description or by EZconn's explanation. However, three time entries do not appear to be related to related cases and will be excluded. They are: 1.8

hours ($810) on 2/4/16, 0.1 hours ($45) on 2/15/16, and 0.1 hours ($45) on 3/9/16. Therefore, $900.00 will be excluded from the amount to be awarded.

Second, PCT contends that EZconn may not recover $1,530.00 for ten time entries for services performed by legal assistants. Legal assistant services may properly be included in attorney fee applications and awards under A.R.S. § 12-341.01, both in the trial court and on appeal. *Cont'l Townhouses East Unit One Ass'n v. Brockbank*, 152 Ariz. 537, 544, 733 P.2d 1120, 1127 (Ct. App. 1986). "[P]roper use of legal assistants . . . should be encouraged to facilitate providing the most cost-effective legal services to the public." *Id.* However, to be compensable, the services must be performed by a person qualified through education, training, or work experience, under the ultimate direction and supervision of an attorney, of specifically delegated substantive legal work that requires a sufficient knowledge of legal concepts that, absent such assistant, the attorney would perform the task. *Id.* at 545, 733 P.2d at 1128. "[S]ince the legal assistant must perform legal work and be supervised by an attorney, the fee application must contain enough details to demonstrate to the court that these requirements have been met . . . ." *Id.* EZconn's fee application does not provide any information regarding the qualifications of the legal assistants or their supervision by an attorney. The task descriptions for the ten contested time entries do not show that the tasks involved substantive legal work requiring legal knowledge. Therefore, $1,530.00 will be excluded from the amount to be awarded.

PCT's principal objection is to EZconn's request for $1,839,910.54, which is 20% of the net amount of recovery, in addition to fees based on EZconn's counsel's usual hourly rates. EZconn's engagement agreement defines "net recovery" as "gross recovery" minus fees actually paid based on hourly rates and costs and expenses actually paid. It defines "gross recovery" as "anything of value obtained or received directly or indirectly by [EZconn] from any of the Claims," including money, reduction of debt, etc. Although EZconn obtained a judgment of more than $9 million against PCT, EZconn does not assert that it has received anything of value yet from PCT to satisfy the

judgment. Therefore, an award of attorney fees based on any amount EZconn hopes to recover from PCT would be speculative.

PCT contends that adding more than $1.8 million to fees charged at the usual hourly rate imposes on PCT an unreasonable attorney fee equivalent to more than $4,000 per hour for partners, associates, and legal assistants. EZconn reasons that it is entitled to the additional contingency fee of 20% of net recovery because its counsel risked receiving fees based on rates discounted by 30% and because its counsel spent more than 1,000 hours defeating PCT's claims in CV-15-01810, which PCT contended would offset EZconn's recovery in this case. Neither reason justifies shifting the additional contingency fee to PCT.

Therefore, EZconn will be awarded attorney fees based on its counsel's usual hourly rates. Subtracting $2,430.00 from the amount requested based on hourly rates, *i.e.*, $271,517.74, the total fee award will be $269,087.74.

IT IS THEREFORE ORDERED that EZconn Corporation's Motion for an Award of Attorneys' Fees and Related Non-Taxable Expenses (Doc. 22) is granted.

IT IS FURTHER ORDERED directing the Clerk to enter judgment in favor of Plaintiff EZconn Corporation and against Defendant PCT International, Inc. in the amount of $269,087.74 for attorney fees, plus post-judgment interest at the federal rate of 1.78% from the date of this judgment until paid.

Dated this 3rd day of January, 2018.

_____
Neil V. Wake
Senior United States District Judge